# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERAD KEITH GRAVITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-17-378-R |
| | ) |
| JOE M. ALLBAUGH, Director, | ) |
| Oklahoma Department of | ) |
| Corrections; and JEORLD | ) |
| BRAGGS, JR., Warden, | ) |
| Lexington Correction Center, | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner, appearing through counsel, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On April 6, 2017, in light of Petitioner's admission that his claims had not been fully exhausted, Judge Mitchell issued a Report and Recommendation wherein she recommended the petition be dismissed without prejudice so as to permit Mr. Gravitt to complete exhaustion of his claims via his concurrently filed state application for post-conviction relief. Petitioner has filed a timely objection to the Report and Recommendation wherein he moves, for the first time, for an order holding this case in abeyance pending the outcome of his state post-conviction proceedings. Having conducted the *de novo* review mandated by 28 U.S.C. § 636, the Court finds as follows.

The details of the counts of conviction against Petitioner are not immediately relevant; he was sentenced in the District Court of Oklahoma County on January 20, 2015 following his December 2014 conviction by jury. He appealed his conviction to the Oklahoma Court of Criminal Appeals. The Oklahoma Court of Criminal Appeals affirmed the conviction on April 5, 2016. Petitioner filed the instant petition on April 4, 2017, asserting three grounds for relief, two of which had been raised on direct appeal. Petitioner conceded at the time he filed the Petition that he had not yet exhausted his ineffective assistance claim (Ground Two), stated he was filing a state application for post-conviction relief on that same date, and announced his future intention to seek to hold this action in abeyance pending the outcome of his state post-conviction application.

In recommending dismissal of this action Judge Mitchell correctly noted that Petitioner's counsel invoked *Rhines v. Weber*, 544 U.S. 269, 279 (2005), but failed to justify his decision to file a mixed petition. In the objection, counsel states that the decision to file a mixed petition and the absence of an immediate motion to stay was the result of uncertainty on his part with regard to when the statute of limitations with regard to Count 2 would start and a lack of time due to preparation of the petition and simultaneously filed state application for post-conviction relief as well as the commitments of other cases. He contends that he meets the factors set forth in *Rhines* and that the Court should exercise its discretion to hold this action in abeyance pending the outcome of his state application for post-conviction relief.

The Court hereby DENIES Petitioner's motion and ADOPTS the Report and Recommendation. Petitioner pursued a direct appeal in this case, and thus his conviction

became final ninety days after it was affirmed by the Oklahoma Court of Criminal Appeals, when he did not seek certiorari relief from the Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The cases cited by counsel as the basis for his cautious approach do not support his mistaken belief that issues to be raised in a habeas corpus petition can become final at different times under the circumstances of this case. The relevant accrual date in this case is provided by 28 U.S.C. § 2244(d)(a)(A), which provides that the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Accordingly, each of Petitioner's claims accrued on the same date, July 5, 2016. Although the Court understands the caution of counsel, because the statute of limitations has not expired and is now tolled pursuant to 28 U.S.C. § 2244(d)(2), the Court finds no logical basis for holding this case in abeyance.[1] This is especially true where, as here, counsel can diligently monitor the progress of Petitioner's state court proceedings and there is no concern that his § 2254 petition would be untimely. Furthermore, where the issue on habeas will be whether the decision of the Oklahoma Court of Criminal Appeals on Ground Two, is contrary to or an unreasonable application of clearly established federal law, the Court anticipates the need for briefing Ground Two again after it is exhausted. As such, starting anew after exhaustion is the most efficient route for the case, especially given the absence of time concerns. In light of the above, the Court finds that Petitioner fails to meet the first

---

[1] Although reasonable confusion about whether a state filing would be timely may provide good cause to hold a petition in abeyance, *Pace v.DeGuglielmo*, 544 U.S. 408, 416, 125 S.Ct. 1807 (2005), there is no time limit for filing a state application for post-conviction relief, the application has already been filed, and the § 2254 limitations period has not expired and is now tolled. Accordingly, the Court cannot find any confusion to be reasonable.

criteria of *Rhines*, that is he has failed to establish that he had good cause for his failure to exhaust his claims first in state court. *Id*. at 277-78. Accordingly, Mr. Gravitt's Petition for Writ of Habeas Corpus is hereby DISMISSED WITHOUT PREJUDICE. The Court further denies a certificate of appealability.[2]

IT IS SO ORDERED this 27th day of April 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial howing of the denial of a constitutional right," and the Court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. For that reason, a certificate of appealability shall be denied.